UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-300 (WMW)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DANIEL GEORGE FISHER,

    Defendant.

PLEA AGREEMENT AND
SENTENCING STIPULATIONS

The United States of America and the defendant, Daniel George Fisher, agree to resolve this case on the terms and conditions that follow. This plea agreement binds only Defendant, the United States Attorney's Office for the District of Minnesota, and the Civil Rights Division of the United States Department of Justice. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** Defendant agrees to plead guilty to Count 1 of the Information, which charges Defendant with a violation of Title 18, United States Code, Sections 247(a)(2) and (d)(3), obstruction of persons in the free exercise of religious beliefs.

2. **Factual Basis.** The parties agree on the following factual basis for the plea:

    a. <u>Count 1</u>: On or about September 30, 2015, in the State and District of Minnesota, Defendant, acting by threat of force, intentionally obstructed, and attempted to obstruct, members of the Tawfiq Islamic Center (hereinafter "the Center") in Minneapolis, Minnesota, from enjoying the free exercise of their religious beliefs. Defendant wrote and mailed, through the United States mail, a letter containing a threat to blow up the Islamic Center with all the people in it.

SCANNED

NOV 3 0 2016

U.S. DISTRICT COURT ST. PAUL

Specifically, in his letter to the Center, Defendant threatened to "blow up your building with all you immigrants in it." The Center was under construction at the time he mailed the letter. Defendant later admitted that he made the threat in order to scare the recipients so they would stop building the Center. Defendant stated, in a written confession, "I thought the letter would make the center [r]elocate."

3. **Waiver of Indictment**. Defendant agrees to waive indictment by a grand jury on this charge and to consent to the filing of a criminal information. Defendant further agrees to execute a written waiver of Defendant's rights to be indicted by a grand jury for this offense.

4. **Waiver of Pretrial Motions**. Defendant understands and agrees that he has certain rights to file pretrial motions in this case. As part of this plea agreement, and based upon the concessions of the United States contained herein, Defendant knowingly, willingly, and voluntarily gives up the right to file and/or litigate pretrial motions in this case.

5. **Statutory Penalties**. The parties agree that a conviction under 18 U.S.C. §§ 247(a)(2) and (d)(3), Count 1 of the Information, carries a statutory penalty of:

   a. a maximum of 20 years' imprisonment;

   b. a supervised release term of up to 3 years;

   c. a fine of up to $250,000;

   d. a mandatory special assessment of $100; and

   e. payment of restitution in an amount to be determined by the Court.

6. **Revocation of Supervised Release**. Defendant understands that if he violates any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term.

7. **Guideline Calculations**. The parties acknowledge that Defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines independently and is not bound by any agreement between the parties concerning the Sentencing Guidelines. Acknowledging this, the parties stipulate to the following guideline calculations:

   a. Base Offense Level. The parties agree that the base offense level for a violation of 18 U.S.C. § 247(a)(2) is 12. (U.S.S.G. §§ 2H1.1(a)(1), 2A6.1(a)(1)).

   b. Chapter Three Adjustment. The parties agree that the base offense level should be increased by 3 levels because the defendant intentionally selected the victim and property as the object of his offense because of the victim's religion. (U.S.S.G. § 3A1.1(a)).

   c. Acceptance of Responsibility. The government agrees to recommend that Defendant receive a **2-level** reduction for acceptance of responsibility and to make any appropriate motions with the Court. However, Defendant understands and agrees that this recommendation is conditioned upon the following: (i) Defendant testifies truthfully during the change of plea and sentencing hearings; (ii) Defendant cooperates with the Probation Office in the presentence investigation, including disclosure of truthful and accurate financial information to the Probation Office; and (iii) Defendant commits no acts and makes no statements inconsistent with acceptance of responsibility. (U.S.S.G. § 3E1.1(a)). The parties agree that no other adjustments from Chapter 3 of the Sentencing Guidelines apply here.

d. <u>Total Offense Level</u>. The parties agree that the total offense level for Defendant, based on a guilty plea to Count 1 in the Information, is **13**.

e. <u>Criminal History Category</u>. Based on the information available at this time, the parties believe that Defendant's criminal history category is **I**. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. Defendant's actual criminal history category will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. Defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence that should be included in his criminal history under the U.S. Sentencing Guidelines, Defendant will be sentenced based on his true criminal history, and he will not be permitted to withdraw from this Plea Agreement. (U.S.S.G. § 4A1.1).

f. <u>Guideline Range</u>. The parties agree that, for a total offense level of **13** and a criminal history category of **I**, the Sentencing Guidelines recommend a sentence range of 12 to 18 months of imprisonment.

g. <u>Fine Range</u>. For an adjusted offense level of 13, the fine range under the Sentencing Guidelines is $3,000 to $30,000. (U.S.S.G. § 5E1.2).

h. <u>Supervised Release</u>. The Sentencing Guidelines call for a term of supervised release of at least one, but not more than three years. (U.S.S.G. § 5D1.2(a)(2))

i. <u>Sentencing Recommendation and Departures</u>. Defendant reserves the right to make a motion for departure from the applicable Guidelines. Defendant further reserves the right to argue for a sentence outside the applicable Guidelines range.

8. **Discretion of the Court**. The foregoing agreements are binding on the parties but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and that their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the

applicable Guidelines range. If the Court determines that the applicable Guideline calculations or Defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and Defendant will be sentenced pursuant to the Court's determinations.

9. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100. (U.S.S.G. §5E1.3). This special assessment becomes due and payable at sentencing.

10. **Restitution**. Defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, applies and that the Court is required to order Defendant to make restitution to the victims of the crime. There is no agreement with regard to the amount of restitution, if any; however, Defendant understands and agrees the Court may order Defendant to make restitution to any victims of his crimes regardless of whether the victim was named in the Information or whether the victim is included in the count of conviction.

11. **Waiver of Rights Under Fed. R. Evid. 410**. In an effort to resolve this matter in a timely fashion and showing good faith while coopering with the Government, Defendant agrees to knowingly, voluntarily, and expressly waive any rights pursuant to Rule 410 of the Federal Rules of Evidence. Defendant understands and agrees that in the event that Defendant violates the plea agreement, Defendant withdraws his decision to plead guilty, or Defendant's guilty plea is later withdrawn, statements made by Defendant to law enforcement agents or to an attorney for the prosecuting authority (including, but

not limited to, statements made during plea discussions, any statements made during any court proceeding involving Defendant's plea of guilty, any factual bases or summaries signed by Defendant or agreed to by Defendant under oath, statements made by Defendant in court proceedings, testimony given by Defendant before a grand jury or any tribunal or court, and any leads from such statements or testimony), shall be admissible for all purposes against Defendant in any and all criminal proceedings.

12. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and Defendant.

Date: 11/30/16

ANDREW M. LUGER
UNITED STATES ATTORNEY

BY: ANGELA MUNOZ-KAPHING
ASSISTANT U.S. ATTORNEY

OLIMPIA MICHEL
TRIAL ATTORNEY
U.S. Department of Justice
Civil Rights Division

Date: 11-30-16

DANIEL GEORGE FISHER
Defendant

Date: 11.30.16

JAMES BECKER, ESQ.
Counsel for Defendant