UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-300 (WMW)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **GOVERNMENT'S SUPPLEMENT TO** |
| | ) | **ITS POSITION ON SENTENCING** |
| DANIEL GEORGE FISHER, | ) | |
| | ) | |
| Defendant. | ) | |

The United States, by its attorneys, Andrew M. Luger, United States Attorney for the

District of Minnesota, and Angela M. Munoz-Kaphing, Assistant United States Attorney, and

Olimpia E. Michel, Trial Attorney, hereby submits this Supplement to its position with respect to

the sentencing of Defendant Daniel George Fisher.  This Supplement provides additional

background information regarding the timing of the Government's prosecution of the Defendant,

and reaffirms the Government's request for a sentence at the top of the applicable Sentencing

Guidelines range.

**I.    The Timeline of the Government's Prosecution**

In his Sentencing Position, the Defendant suggests that the timing of his arrest and

prosecution somehow lessens the severity of his offense and supports a sentence significantly

below the applicable Guideline range.  *See* Defendant's Sentencing Position (Dkt. No. 22) at 3

(claiming that the Government "recognized that [the defendant] posed no real threat," and noting

that the Defendant was not arrested until approximately three months after a Federal Bureau of

Investigation (FBI) Special Agent interviewed him).  The Defendant cites no authority for his

assertion that the passage of approximately 11 months between the Defendant's crime and his

arrest somehow justifies leniency.  The Government took this case seriously from the start, actively pursuing the investigation, and once the perpetrator was identified, the prosecution.

The Defendant's discussion of the prosecution timeline omits and ignores several key factors.  The Government submits the following additional background information in order to correct the record before the Court.

After receiving the threatening letter from the Defendant on or around September 30, 2015, the Tawfiq Islamic Center's management took the letter to the Minneapolis Police Department (MPD).  The MPD referred the case to the FBI.  On January 20, 2016, an FBI forensic examiner matched the prints recovered from the letter to the prints on file for the Defendant.  During the next several months in 2016, the Department of Justice's investigation of the threat was ongoing.

The FBI interviewed the Defendant in June 2016.  In July 2016, the Government served the Defendant with a letter from the U.S. Attorney's Office notifying him that he was a target of a federal civil rights investigation and providing him with a pre-indictment resolution opportunity. The Defendant contacted the Federal Defender's Office in July 2016, but then abruptly stopped communicating with his assigned Assistant Federal Defender.  In August 2016, the Defendant sent several unsolicited text messages, which included suicidal ideations, to the FBI Special Agent assigned to the matter.  At that time, the Defendant was not responding to his attorney's attempts to contact him, and his whereabouts were unknown.  The Government filed a criminal Complaint against the Defendant on August 31, 2016, and obtained an arrest warrant.  The local Metro Transit Police arrested Fisher on September 6, 2016, on a bench warrant issued on an unrelated state court charge.

The underlying timeline neither provides a basis for a variance from the applicable Guideline range, nor detracts from the severity of the Defendant's crime.  The Defendant's threatening letter included a grave expression of an intent to harm the Center's Muslim members.

Consequently, the Government took the Defendant's violent threat to blow up the Center "with all you immigrants in it" seriously and conducted a thorough investigation. Any delay in arresting and charging the Defendant should not be considered when assessing the sentence for the Defendant's criminal act, which was fueled by anti-Muslim hatred and anger.

## II. The Fair and Just Sentence

As calculated in the Pre-Sentence Investigation Report, the applicable Guideline range for the Defendant is 12 to 18 months. The United States believes that a sentence at the top of the applicable Guideline range is appropriate. Specifically, the United States respectfully requests that the Court sentence the Defendant to a term of 12 months imprisonment, followed by 6 months of community confinement. Additionally, the United States respectfully requests that the Court sentence the Defendant to a three year term of Supervised Release, which would begin when the Defendant is released to community confinement.

In the Sentencing Position, the Defendant characterizes his violent threat as "[a] [h]ollow but [m]isguided [t]hreat" and an "error of judgment." *See* Defendant's Sentencing Position (Dkt. No. 22) at 1, 8. The evidence in this case, however, proves that this was no mere error. First, the Defendant composed the letter, tried to hide his identity (by not signing it and using a fake return address), and mailed it. During his interview with the FBI, the Defendant described how his anger motivated him to write the letter. The Defendant acknowledged that he was entirely lucid, and not under the influence of any drugs or alcohol, when he threatened to "blow up" the Center.

The Defendant unequivocally expressed his anti-Muslim animus by, for example, branding Muslims as rapists and murders in his letter. The Defendant explained to the FBI that he wanted the recipients to feel scared and stop building the new Center. The Center's leaders and members were in fact scared because of the Defendant's threats, and they took protective measures, such as installing a security system.

3

The Government's requested sentence is tailored to the gravity of the Defendant's crime. By mailing his threatening and hate-filled letter, the Defendant committed a serious federal crime, warranting a sentence at the high end of the Guidelines range.  A considerable sentence would also deter others from committing crimes motivated by religious intolerance.  Most importantly, it is a fair and just sentence.

Dated: March 1, 2017

Respectfully Submitted,

ANDREW M. LUGER
United States Attorney

*s/ Angela M. Munoz-Kaphing*

BY:  ANGELA M. MUNOZ-KAPHING
Assistant U.S. Attorney
Attorney ID No. 389207

OLIMPIA E. MICHEL
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Attorney ID No. 4358321 (NY)